**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4560

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DENNIS BLAIR,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Henry M. Herlong, Jr., District Judge.  (CR-03-302)

Submitted:  June 1, 2006              Decided:  July 11, 2006

Before TRAXLER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Andrew J. Johnston, Spartanburg, South Carolina, for Appellant. Jonathan S. Gasser, United States Attorney, A. Lance Crick, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Defendant-Appellant, Dennis Blair, appeals his conviction for being a felon in possession of ammunition that had been transported in interstate commerce, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e).  Finding no error, we affirm.


I.

On February 11, 2002, in Union, South Carolina, Blair engaged in an argument with Emmette Dawkins, which resulted in Blair firing two shots at Dawkins.  Officers conducting a post-incident investigation of the scene recovered one intact round of ammunition, two spent projectiles, and one spent casing.  The casings were 9mm and had a manufacturer's stamp of "MRP."  Evidence presented at trial demonstrated that this manufacturer's stamp indicated that the casings were manufactured in Brazil and that ammunition of this type was not manufactured in South Carolina.  At trial, Blair was found guilty of the one count charged in the indictment--"That on or about February 11, 2002, in the District of South Carolina, the Defendant, DENNIS BLAIR, after having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce, 9mm caliber ammunition which had been shipped and transported in interstate commerce."  J.A. at 14.  The jury was instructed with the statutory definition of ammunition, which

2

"means ammunition or cartridge cases, primers, bullets, or propellant powder designed for use in a firearm." Id. at 271; see also 18 U.S.C. § 921 (a)(17)(A).

II.

On appeal, Blair contends that the jury instructions in this case constructively amended his indictment by allowing him to be convicted based on a theory not present in his indictment. Specifically, Blair argues that the indictment only mentioned "ammunition" that had traveled in interstate commerce--meaning that the jury should have been allowed to convict him only on a theory that he possessed whole ammunition that had traveled across state lines--not on a theory that he possessed the component parts of ammunition that traveled across state lines, in accordance with the statutory definition of ammunition. We disagree.

Blair acknowledges that he did not raise this objection below and that our review is therefore for plain error. See Fed. R. Crim. Proc. 52(b); United States v. Olano, 507 U.S. 725, 732 (1993). In this case, we hold that there is no plain error because there was no error at trial.

The government presented evidence at trial that the component parts of the ammunition found at the scene had traveled in interstate commerce. Blair argues that this evidence does not demonstrate that whole ammunition traveled in interstate commerce

3

because Blair could have reloaded the ammunition himself in South Carolina.* Because, Blair contends, his indictment referred only to "ammunition" and not to the component parts of that ammunition, he should not have been convicted upon only a demonstration that the component parts of the ammunition traveled in interstate commerce.

This argument fails. "Ammunition" has a statutory definition, which indicates that "[t]he term 'ammunition' means ammunition or cartridge cases, primers, bullets, or propellant powder designed for use in any firearm." 18 U.S.C § 921(a)(17)(A). This is the meaning of the term "ammunition" as used in all of the statutes under which Blair was indicted. Id. at § 921(a)(indicating the scope of the definitions contained therein). This was also the definition with which the jury was properly instructed. Blair, in effect, argues that the government had an obligation to define every term used in his indictment, even though those terms had clear statutory definitions. Blair points to no authority requiring the government to take on this burden, and we can find none.

III.

In sum, we affirm Blair's conviction. We dispense with oral argument because the facts and legal contentions are adequately

_____

*Reloading is a process though which used shell casings are repacked with propellant powder and a projectile.

4

presented in the materials before us and argument would not aid the decisional process.

AFFIRMED